16-1540
Singh v. Sessions

BIA
Poczter, IJ
A205 579 919

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of May, two thousand seventeen.

PRESENT:
      ROBERT A. KATZMANN,
          *Chief Judge,*
      RICHARD C. WESLEY,
      DENNY CHIN,
          *Circuit Judges.*

_____

KHUSHWANT SINGH,
      *Petitioner,*

      v.                    16-1540
                                 NAC

JEFFERSON B. SESSIONS III, UNITED STATES ATTORNEY GENERAL,
      *Respondent.*

_____

FOR PETITIONER:        Amy Nussbaum Gell, Gell & Gell, New York, NY.

FOR RESPONDENT:        Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Linda S. Wernery, Assistant Director; Steven K. Uejio, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Khushwant Singh, a native and citizen of India, seeks review of an April 21, 2016, decision of the BIA affirming a November 6, 2014, decision of an Immigration Judge ("IJ") denying Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Khushwant Singh,* No. A205 579 919 (B.I.A. Apr. 21, 2016), *aff'g* No. A205 579 919 (Immig. Ct. N.Y. City Nov. 6, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have considered both the BIA's and IJ's decisions. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). The agency may, "considering the totality of the circumstances," base an adverse credibility ruling on an asylum applicant's "demeanor, candor, or responsiveness," an applicant's internally inconsistent testimony, discrepancies between an applicant's oral and written statements, and discrepancies

2

between an applicant's statements and other record evidence. 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

Substantial evidence supports the agency's determination that Singh was not credible. First, the agency reasonably relied on Singh's internally inconsistent and evasive testimony regarding whether he was harmed by the Indian police. 8 U.S.C. § 1158(b)(1)(B)(iii). Singh initially testified that he was harassed by the Indian police, but when asked to describe that harassment, changed his testimony and said that he believed the police "would have" harassed him. When asked to clarify if he was "actually harassed by government authorities," Singh indicated that he was threatened, but not harassed or persecuted. When the IJ then asked Singh to explain why a letter from his political party stated he was harassed, Singh said that he was harassed, then said he was threatened, but was unable to remember any details of what occurred or when. The documentary evidence enhanced, rather than resolved, this discrepancy. The letter from Singh's party stated that Singh and his family faced government harassment "many times" and the harassment was what forced Singh to flee the country. And

3

Singh's testimony conflicted with his asylum application and other evidence, which did not mention that he was harassed or threatened by the police. *See Xiu Xia Lin*, 534 F.3d at 166 n.3 ("An inconsistency and an omission are . . . functionally equivalent" for credibility purposes). This discrepancy alone provided substantial evidence for the adverse credibility determination. *See Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) (relying on single material inconsistency as providing substantial evidence for adverse credibility determination).

And the adverse credibility determination was bolstered by an additional inconsistency, Singh's nonresponsive demeanor, as well as the lack of rehabilitative corroborating evidence. 8 U.S.C. § 1158(b)(1)(B)(iii). Singh testified that his family was harassed and threatened by government authorities after he left India, but he denied that his father was tortured. Singh's father swore in an affidavit, however, that he was tortured. The IJ was not compelled to accept Singh's explanation that his father and other family members were metaphorically "tortured" by the mistreatment of Singh. As the IJ noted, Singh's father first wrote that Singh was in danger and separately stated, "They also tortured me and my family." *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner 'must do more than

4

offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony.'" (quoting *Zhou Yun Zhang v. U.S. INS*, 386 F.3d 66, 76 (2d Cir. 2004)).

"We 'afford particular deference in applying the substantial evidence standard' when reviewing an IJ's credibility findings." *Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005) (quoting *Zhou Yun Zhang*, 386 F.3d at 73-74). Particularly on cross examination, Singh was not responsive. As the IJ noted, Singh did not adequately answer questions about how many times he applied for a U.S. visa before coming to the United States. *See Shu Wen Sun v. BIA*, 510 F.3d 377, 381 (2d Cir. 2007) (petitioner's evasive and nonresponsive testimony supported adverse credibility finding). Singh's explanation of confusion or interpretation problems is not compelling because he confirmed that he understood the interpreter during this problematic portion of his testimony. *See Majidi*, 430 F.3d at 80-81.

The agency also reasonably concluded that Singh failed to rehabilitate his claim with reliable corroborating evidence. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (recognizing that "applicant's failure to corroborate his . . .

testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question"). In particular, Singh did not produce letters to corroborate that he lived in hiding for more than a year. His explanation that he did not want his sisters-in-law who hid him to get in trouble is unavailing: Singh submitted letters from other non-blood relatives and had already placed the sisters-in-law in danger by hiding with them. *See Majidi*, 430 F.3d at 80-81.

Given the foregoing inconsistencies regarding whether Singh was harmed by the Indian police and whether his family members were tortured, as well as Singh's lack of responsiveness and the lack of corroboration, the totality of the circumstances supports the agency's adverse credibility ruling. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167; *Xian Tuan Ye*, 446 F.3d at 295. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal

6

that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot.  Any pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk